No. 24,162.

C. C. Dehner, *Appellee*, v. The American Railway Express Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Negligence—*Runaway Team of Horses—Improperly Hitched*. In an action for damages caused by a runaway team of high-spirited horses, the question whether it was negligence for the driver to leave them temporarily in a city street, with only one of the horses hitched, and the more high-spirited horse not hitched, was for the jury's consideration; and it cannot be held as a matter of law that this manner of hitching horses of that disposition was not negligence.

2. Same—*Inconsistency in Findings*. A specious inconsistency in the jury's findings considered, and held insufficient to disturb the verdict and judgment.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed January 6, 1923. Affirmed.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew, Forest D. Siefkin,* and *James G. Norton,* all of Wichita, for the appellant.

*Dempster O. Potts,* and *R. G. Bennett,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for damages to plaintiff's automobile caused by a collision with defendant's runaway team.

The jury answered special questions, and rendered a verdict for plaintiff. The special findings read:

"1. Do you find from the evidence that the team of horses owned by the defendant were tied or hitched by . . . the driver of defendant's team, at the place where he left them to enter the building of the Coleman Lamp Company? Answer: No. We find one only horse hitched.

"2. In hitching the team, . . . did . . . the driver . . . exercise that degree of care ordinarily exercised by a reasonably prudent man in the discharge of his duties under the same or similar circumstances? Answer: No. He did not hitch the spirited horse. . . .

"4. Describe accurately the way the team was hitched. . . . Answer: A snap attached to a chain (evidence indefinite as to size of both snap and chain) with a 50-lb. weight at one end, was attached to the bit of left-hand horse.

"5. If you find for plaintiff, then state on what negligence of defendant you base your verdict. Answer: Neglect by driver in not tying or hitching right-hand horse, shown by driver's evidence to be high-spirited.

"6. Is ·it not a fact that the defendant's team was hitched on the day of the accident in the usual and customary way adopted generally by drivers of teams upon the streets of the city? Answer: No.

"7. Is it not a fact that it was ordinarily safe for defendant's servants to hitch its team in the manner it was hitched on the day of the accident? Answer: In cases where both horses are known to be gentle it ordinarily would be.

"8. Had the defendant's team ever before run away, before June 7, 1921? Answer: No evidence shown that they had.

"9. Was not this collision what might be termed merely an unfortunate accident for which the negligence of no one is responsible? Answer: No.

"10. What caused the defendant's team to run away? Answer: Evidence shows no cause. . . .

"12. Was the team a tractable, well-broke team? Answer: Evidence shows a well-broke, high-spirited team with the right-hand horse the more spirited.

"13. Did the team drag the weight in question away, or was it unsnapped by some thief, or some intermeddler? Answer: No evidence in this matter.

"14. Had not the team been used upon the streets in the city of Wichita for several months prior to the time of the accident complained of, without their getting loose, attempting to get·loose or run away? Answer: Evidence shows they had been so used, but there is no evidence showing that they had never tried to get loose, or attempted to run away."

Judgment was entered for plaintiff, and defendant appeals, contending that the special findings establish no negligence, and that the negligence found by the jury was not shown to have been the cause of plaintiff's damages. The litigants do not dispute about the pertinent law of the case. They agree that all that is required of an owner or driver who temporarily leaves his team of horses in the street is ordinary and reasonable care to prevent their escape; that such degree of care is governed by the circumstances, and that the

failure to exercise the ordinary care of prudent men under such circumstances is negligence.

(*Moulton v. Aldrich*, 28 Kan. 300, 307; *Stephenson v. Corder*, 71 Kan. 475, 478, 479, 80 Pac. 938; 13 R. C. L. 285, 286.)

The findings show that this team was high-spirited, and that the right-hand horse, which was not hitched, was the more high-spirited of the two. The jury found that the driver's failure to tie the more high-spirited horse was negligence. Under the circumstances this was a matter for the jury's determination. Nor can the jury's finding that the "evidence showed no cause" for the runaway defeat the finding of negligence and defendant's liability for its consequences. The inconsistency between this finding and the finding of negligence and the verdict is more specious than real. The insufficient hitching was the efficient and proximate cause, whatever other unknown cause, if any, may also have contributed. (*City of Joliet v. Shufelt*, 144 Ill. 403; 32 N. E. 969.) The team being high-spirited and the more high-spirited horse being unhitched, the horses followed their natural disposition to be off and away, with the consequent damage to plaintiff's automobile. It cannot be said as a matter of law that it was not negligence to leave the more spirited horse unhitched, and this compels an affirmance of the judgment.